IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ROBIN H. CANFIELD,                  :

    Plaintiff,                              :

vs.                                                :        CA 06-0598-C

MICHAEL J. ASTRUE,              :
Commissioner of Social Security,
                                                    :
    Defendant.

## MEMORANDUM OPINION AND ORDER

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security denying her claim for disability insurance benefits. The parties have consented to the exercise of jurisdiction by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c), for all proceedings in this Court. (Doc. 21 ("In accordance with the provisions of 28 U.S.C. 636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States Magistrate Judge conduct any and all proceedings in this case . . . and order the entry of a final judgment, and conduct all post-judgment proceedings."); *see also* Doc. 22 (order of reference)) Upon consideration of the administrative record, plaintiff's

proposed report and recommendation, the Commissioner's proposed report and recommendation, and the parties' arguments at the June 6, 2007 hearing before the Court, it is determined that the Commissioner's decision denying benefits should be reversed and remanded for further proceedings not inconsistent with this decision.[1]

Plaintiff alleges disability due to lumbar failed back surgery syndrome, lumbar degenerative disc disease with osteoarthritis and mild multi-level disc bulging, annular fissure at L5-S1, lumbar spondylolysis, facet joint syndrome, sacroilitis, and recurrent right radiculitis. The Administrative Law Judge (ALJ) made the following relevant findings:

> 3. The claimant is obese, and has degenerative disc disease and depression, all of which are "severe" impairments.
>
> 4. The claimant's impairments, when considered individually and in combination, do not meet or medically equal one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1.
>
> 5. The claimant's assertions relative to symptomatology, functional limitations and restrictions of activities of daily living have been considered in light of the factors set forth in 20 C.F.R.

---

[1] Any appeal taken from this memorandum opinion and order and judgment shall be made to the Eleventh Circuit Court of Appeals. (*See* Doc. 21 ("An appeal from a judgment entered by a Magistrate Judge shall be taken directly to the United States Court of Appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court."))

§ 404.1529 and Social Security Ruling 96-7p, and are found to lack corroboration and substantiation in the medical evidence, and are not credible as to a disabling impairment.

6.  The claimant possesses the residual functional capacity to perform light, unskilled work activity on a regular and sustained basis (20 C.F.R. § 404.1567). Specifically, the claimant can: occasionally lift and/or carry 20 pounds; frequently lift and/or carry up to 10 pounds; sit (with normal breaks) at least six hours in an eight-hour workday; stand and/or walk (with normal breaks) at least six hours in an eight-hour workday; push and/or pull with the upper and lower extremities at will; occasionally stoop and climb ramps/stairs; and frequently balance, kneel, crouch and crawl. The claimant cannot climb ladders, ropes or scaffolds, but she has no manipulative, visual or communicative limitations. The only environmental restriction the claimant has is her inability to be exposed to workplace hazards (e.g., machinery, heights, etc.). The claimant can remember, understand and carry out very short and simple instructions, and she can concentrate for two-hour intervals. The claimant is not significantly limited in her ability to respond appropriately to supervisors and co-workers in a work setting, and she can respond appropriately to routine changes in the work environment. In addition, the Administrative Law Judge finds that the claimant possesses a "mild" limitation in her ability to perform daily activities and maintain social functioning, a "moderate" restriction in her capacity to maintain attention, concentration or pace, and would have no episodes of extended decompensation during her attempts at performing work and work-like activities.

7.  The claimant is unable to perform her past relevant work (20 C.F.R. § 404.1565).

8.  The claimant is a "younger person," with more than a "high school education" (20 C.F.R. §§ 404.1563 and 404.1564).

9.  The claimant's knowledge of medical procedures and

general medical terminology are skills that are transferable to work at the light and sedentary exertional levels (20 C.F.R. § 404.1568).

10. Based on the testimony of the vocational expert, and using Medical-Vocational Rules 202.21 and 202.22 as a framework for decision-making, there are a significant number of jobs in the national economy that the claimant can perform.

11. The hypotheticals posed to the vocational expert by the claimant's representative were not credible because they were based on opinions and/or arguments that are unsupported by the totality of the objective clinical findings of record. As such, the vocational expert's responses to these hypothetical questions are invalid.

12. The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 C.F.R. § 404.1520(g)).

(Tr. 37-38) The Appeals Council affirmed the ALJ's decision (Tr. 6-8) and thus, the hearing decision became the final decision of the Commissioner of Social Security.

## **DISCUSSION**

In all Social Security cases, the claimant bears the burden of proving that she is unable to perform her previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986). In evaluating whether the claimant has met this burden, the examiner must consider the following four factors: (1) objective medical facts and clinical findings; (2) diagnoses of examining physicians; (3) evidence

of pain; and (4) the claimant's age, education and work history. *Id.* at 1005. Once the claimant meets this burden, as here, it becomes the Commissioner's burden to prove that the claimant is capable, given her age, education and work history, of engaging in another kind of substantial gainful employment which exists in the national economy. *Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985).

The task for the Magistrate Judge is to determine whether the Commissioner's decision to deny claimant benefits, on the basis that she can perform those light jobs identified by the vocational expert and is not disabled under the framework of the grids, is supported by substantial evidence. Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). "In determining whether substantial evidence exists, we must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).

In this case, the plaintiff contends that the ALJ made the following errors: (1) he improperly discounted the evidence from Dr. Patrick Couch; and

(2) he improperly determined her residual functional capacity.

It is clear in this circuit that the Commissioner of Social Security must develop "a full and fair record regarding the vocational opportunities available to a claimant." *Allen v. Sullivan*, 880 F.2d 1200, 1201 (11th Cir. 1989) (citation omitted). The Commissioner must articulate specific jobs that the claimant can perform given her age, education and work history, if any, "and this finding must be supported by substantial evidence, not mere intuition or conjecture." *See id.* (citation omitted) Stated differently, the burden is on the Commissioner at the fifth step of the sequential evaluation process to establish capacity to perform other work and thereby to establish the claimant's residual functional capacity. *See Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995).

This Court has held on numerous occasions that the Commissioner's fifth-step burden cannot be met by a lack of evidence or, where available, by the residual functional capacity assessment of a non-examining, reviewing physician;[2] instead, this fifth-step burden must be supported by the residual functional capacity (and pain) assessment of a treating or examining physician. Such an assessment particularly is warranted where, as here, the ALJ has

---

[2] The opinion of a non-examining, reviewing physician "is entitled to little weight and taken alone does not constitute substantial evidence to support an administrative decision." *Swindle v. Sullivan*, 914 F.2d 222, 226 n.3 (11th Cir. 1990).

rejected the only pain assessment in the record. The ALJ specifically rejected the pain assessment form completed by plaintiff's treating pain-management physician, Dr. Couch, as well as the RFC limitations found by Couch[3] (Tr. 35), same establishing Canfield's inability to perform any work (*see* Tr. 636-637 (vocational expert's testimony that based upon Dr. Couch's assessment, plaintiff would be incapable of performing any work)). Having rejected Dr. Couch's RFC and pain assessments, the ALJ turned to and relied solely upon the physical and mental assessments completed by Dr. Van B. Hayne, Jr., on October 9, 2003 (Tr. 380-405),[4] to establish that plaintiff can perform the physical and mental requirements of light work. As previously indicated, the ALJ's sole reliance upon the assessments of a non-examining, reviewing physician was error and need be corrected on remand.

In addition, on remand the ALJ need recognize that "at bottom" this is a pain case and should take particular note of same when questioning the vocational expert ("VE"). Even assuming the correctness of the ALJ's

---

[3]     "I had made the assessment that any employment position which requires repetitive stooping[,] crawling[,] climbing and reaching would eventually result in a major relapse in her back pain." (Tr. 570)

[4]     A comparison of the findings on these forms to the ALJ's RFC determination leaves no doubt that the ALJ's RFC determination was grounded solely upon same as the ALJ's determination tracks the findings on these forms. (*Compare id. with* Tr. 37, Finding No. 6)

determination that plaintiff's pain is not disabling in and of itself, the evidence of record overwhelmingly establishes that Canfield's primary limiting impairment is her chronic back pain (*see, e.g.,* Tr. 267-379 & 416-616).[5] Accordingly, it is incumbent upon the ALJ to quantify such pain, based upon the evidence of record, and pose questions to a VE about the impact of such impairment and the limitations attributable to that impairment, *Foote, supra*, 67 F.3d at 1559 ("Pain is a nonexertional impairment."); *see Phillips v. Barnhart*, 357 F.3d 1232, 1242 n.11 (11th Cir. 2004) ("Nonexertional limitations or restrictions affect an individual's ability to meet the other demands of jobs and include mental limitations, pain limitations, and all other physical limitations that are not included in the seven strength demands.") upon plaintiff's ability to perform the physical and mental requirements of other work in the national economy.[6]

---

[5] That plaintiff's pain is a significant problem is established by evidence of the numerous steroid blocks she has received (*see, e.g.,* Tr. 284, 298-299, 302, 310, 313, 315, 559 & 572-573) and the discussions about insertion of a permanent pain pump (*see* Tr. 595-596 & 601-610).

[6] The ALJ not only failed to pose questions to the VE in this instance quantifying plaintiff's pain but, as well, failed to incorporate into his hypothetical question the mental limitations established by the evidence. (*See* Tr. 635) This failure constitutes reversible error. *See Pendley v. Heckler*, 767 F.2d 1561, 1562 (11th Cir. 1985) ("'[U]nless there [is] vocational expert testimony concerning the availability of jobs for a person with the claimant's educational level, work skills and experience and physical [and mental] limitations, the decision of the ALJ, based significantly on the expert testimony, would be unsupported by substantial evidence.'").

## **CONCLUSION**

The Court **ORDERS** that the decision of the Commissioner of Social Security denying plaintiff benefits be reversed and remanded pursuant to sentence four of § 405(g), *see Melkonyan v. Sullivan*, 501 U.S. 89, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991), for further proceedings not inconsistent with this decision.  The remand pursuant to sentence four of § 405(g) makes the plaintiff a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412,  *Shalala v. Schaefer,* 509 U.S. 292, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993), and terminates this Court's jurisdiction over this matter.

**DONE** this the 19th day of June, 2007.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**